UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR SOLORZANO FIERROS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:24-CV-753-B |
| | § | (NO. 3:21-CR-211-B-1) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Movant Edgar Solorzano Fierros's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the record, the motion is **DENIED**.

I.  BACKGROUND

On May 4, 2021, Movant was named in a four-count indictment charging him in count one with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, in count three with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and in count four with maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1). *United States v. Solorzano Fierros*, No. 3:21-CR-211-B-1, Crim. Doc. 11. Movant entered into a plea agreement pursuant to which he agreed to plead guilty to the offense charged by count three of the indictment and the government agreed not to bring any additional charges against him based upon the conduct underlying and related to the guilty plea and to dismiss any remaining charges. Crim. Doc. 66. The plea agreement set forth the penalties Movant faced, that

his sentence would be solely in the discretion of the Court, that the plea was freely and voluntarily made and not the result of force, threats, or promises, that Movant waived his right to appeal or otherwise challenge the conviction and sentence except in limited circumstances, and that Movant had thoroughly reviewed all of the legal and factual aspects of the case with counsel and was fully satisfied with the legal representation he had been provided. *Id.* Movant also signed a factual resume which set forth the elements of the offense charged by count three of the indictment and the stipulated facts establishing that Movant had committed that offense. Crim. Doc. 65. On March 10, 2022, Movant appeared in open court for rearraignment and testified under oath that: he understood the charges against him; he was fully satisfied with counsel and the representation and advice he had been given; he had read, understood, and discussed the plea agreement with counsel; he understood he was waiving his right to appeal; no one had promised him any benefit or threatened him in any way to pressure him to plead guilty; he understood the penalties he faced and that the Court alone would decide the punishment; he had read, understood, and discussed the factual resume with counsel; he committed each of the essential elements of count three; and, the stipulated facts were true. Crim. Doc. 109.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38. Crim. Doc. 77, ¶ 29. He received two-level increases for importation, *id.* ¶ 30, and maintaining a drug premises. *Id.* ¶ 31. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 37, 38. Based on a total offense level of 39 and a criminal history category of I, his guideline imprisonment range was 262 to 327 months; however, the statutorily-authorized maximum sentence was 20 years so the applicable guideline range became 240 months. *Id.* ¶ 73. Movant filed objections, Crim. Doc. 81, and the

probation officer prepared an addendum to the PSR. Crim. Doc. 82.

Movant persisted in his objections at sentencing and the Court overruled them. Crim. Doc. 110. The Court sentenced Movant to a term of imprisonment of 240 months. Crim. Doc. 98. He appealed, Crim. Doc. 102, despite having waived the right to do so. Crim. Doc. 66, ¶ 12. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the United States Court of Appeals for the Fifth Circuit concurred that the appeal presented no nonfrivolous issue and dismissed it. *United States v. Fierros*, No. 22-10852, 2023 WL 1795708 (5th Cir. Feb. 7, 2023).

## II.   GROUND OF THE MOTION

Movant asserts one ground in support of his motion, alleging that he received ineffective assistance of counsel. Civ. Doc. 2 at 4; Civ. Doc. 3.

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised

3

on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and

4

prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.  **ANALYSIS**

Movant contends that he received ineffective assistance at sentencing because counsel failed to object to (1) the PSR's use of methamphetamine (actual) rather than a mixture to calculate his base offense level, (2) the enhancement for drug premises, and (3) the enhancement for importation. Civ. Doc. 3 at 5–13. He alleges that appellate counsel provided ineffective assistance in failing to raise any of these issues on appeal. *Id.* at 3.

In support of his first argument, Movant relies on the mistaken premise that the government agreed that he would only be held accountable for a mixture of methamphetamine as referenced in count three of the indictment. Civ. Doc. 3 at 6. The record does not support this claim. Rather, the plea agreement reflects that Movant agreed to plead guilty to possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, as charged in count three of the indictment. Crim. Doc. 66, ¶ 2. He agreed that the factual resume he signed was true. *Id.* He recognized that the Court could impose a term of imprisonment of not more than 20 years, *id.* ¶ 3, and that the guidelines were not binding on the Court but were advisory only and that no one could predict the sentence that might be imposed. *Id.* ¶ 5. The government's agreement does not contain any reference to the sentencing guidelines or calculation of sentence or impose any obligation on the government in that regard. *Id.* ¶ 9. The factual resume signed by Movant reflects that it "is not intended to be a complete accounting of all the facts and events related to the offense charged." Crim. Doc. 65, ¶ 4. Movant testified under oath at rearraignment that the plea agreement and supplement contained

the entire agreement between him and the government and that no one had promised him anything other than what was in the agreement. Crim. Doc. 109 at 10. Further, he understood that by pleading guilty he opened himself up to the full maximum punishment and that the Court could disregard the guideline range and impose the maximum punishment. *Id.* at 15–17. Movant's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement and factual resume are entitled to that presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Contrary to Movant's allegation, counsel did not "allow[] the Government to breach the plea agreement." Civ. Doc. 3 at 8.

For all of the reasons set forth in the PSR, as summarized by the government, Civ. Doc. 6 at 8–9, the drug quantity was correctly calculated. Testing showed that: the methamphetamine Movant delivered to the confidential source was 97% pure, Crim. Doc. 77, ¶ 12, the methamphetamine he delivered to Talamantes was 96% pure, *id.* ¶ 17, and the methamphetamine found in the garage was 100% pure, i.e., methamphetamine (actual). *Id.* ¶ 20. Movant does not dispute the government's contention that even if the PSR had relied on a mixture of amphetamine, Movant's base offense level would have been the same. ECF No. 6 at 9. That Movant continues to proclaim that he had no knowledge of the methamphetamine in the garage does not meet his burden of proof. The Court did not believe the testimony. Objecting to the calculation would have been frivolous. Movant did not receive ineffective assistance. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Movant alleges that the enhancement for drug premises was plain error, Civ. Doc. 3 at 8, as was the enhancement for importation. *Id.* at 11. Therefore, he argues, he received ineffective

6

assistance of counsel. Again, he relies on testimony that the Court did not find credible. *See* Crim. Doc. 110 at 26 (noting that Movant was heavily involved in distributing methamphetamine). Counsel did object to the enhancements, Crim. Doc. 81, and argued them at sentencing. Crim. Doc. 110 at 5–15. That he did not prevail does not mean that Movant received ineffective assistance. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983).

Movant has not shown that his counsel's representation fell below an objective standard of reasonableness with regard to trial matters; thus, he cannot prevail on his claim that he received ineffective assistance on appeal. Counsel was only required to raise "solid, meritorious arguments based on directly controlling precedent." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Movant has not shown that there were any such grounds to be raised, especially in light of his waiver of right to appeal. Crim. Doc. 66, ¶ 12.

To the extent that Movant raises new claims in his reply, they come too late. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (movant has no right to amend without leave after the government files its response to a 2255 motion); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (same; issues not properly raised will not be considered). For the most part, the new allegations, e.g., that there was an agreement that minor role would be applied, Civ. Doc. 7 at 2, are unsupported and contradict the record. The argument that drug purity should not have been considered a proxy for culpability, Civ. Doc. 7 at 6, would have been unavailing had counsel made it. For the reasons discussed at sentencing, the sentence imposed was proper. Crim. Doc. 110.

## V.    CONCLUSION

Accordingly, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED this 28th day of August, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE